TIMOTHY O'LEARY, BY NEXT FRIEND, RESPONDENT, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, APPELLANT.

Submitted May 15, 1931—Decided November 16, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the appellant, *James J. Higgins.*

For the respondent, *Joseph F. S. Fitzpatrick.*

PER CURIAM.

The plaintiff, a man *non compos mentis,* was seriously injured late one night at the Hoboken trolley car terminal of the defendant, adjoining the Lackawanna railroad station, on the ground level. At that point there is a loop in the track, which running from west to east about parallel with and south of the street, curves to the north, crosses the sidewalk substantially at a right angle and runs out into the street, curving toward the west. Just east of the curve of the loop there is a building which hides outgoing cars from view of anyone on the sidewalk to the eastward until they begin to cross the sidewalk. Plaintiff who had been on the sidewalk east of the loop, came into collision with a car which came out from behind the building and was crossing the sidewalk. He had a verdict and judgment which are now before us on this appeal.

On the rather voluminous evidence in the case, a number of questions of fact were presented which involved serious contradictions in the evidence but which we need not here consider. It is sufficient to say that in our estimation the judgment is vitiated by material error in the charge of the trial court, to which exception was taken and which is laid before us in the grounds of appeal. The court charged in part: "It was the duty of the operator of this trolley car to operate it at such a rate of speed as to have the same under control, so that if it became necessary to stop the car, or slacken its speed in order not to injure the plaintiff, he could do so." This, in our judgment, was unwarranted in law. It placed on the motorman an absolute duty at all events so to regulate his car as to avoid injuring the plaintiff. It was harmful, because the evidence raised serious questions of careless behavior on the part of the plaintiff, and even hinted at an attempt at suicide. It was not withdrawn, or legally countervailed by anything else in the charge.

In *Geyer* v. *Public Service Railway Co.,* 98 *N. J. L.* 470, which appears to be relied on by both sides, the Court of Errors and Appeals sustained the refusal of the trial court to charge an essentially similar request, by saying "it was too broad, since it placed improperly the whole burden of avoiding a collision upon the motorman, without any regard to the recklessness of the driver of the other vehicle."

Another passage in the charge, in which the court seems to have left it to the jury to say whether plaintiff was under any duty at all to look for a car coming out from behind the building, is attacked as contrary to the uniform trend of our decisions, but we find it unnecessary to deal with it further than to suggest that the general rule requiring some observation on the part of persons of full age and sound mind is well settled. Whether it should apply without qualification in the case of a feeble-minded person is another matter.

For the error above noted, the judgment must be reversed to the end that a *venire de novo* issue.